IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. No. 09-50296 |
| ) | |
| Plaintiff-Appellant, ) | D.C. No. CR 08-872-SJO |
| ) | (Central Dist. Cal.) |
| v. ) | |
| ) | GOVERNMENT'S OPPOSITION TO |
| PIERCE O'DONNELL, ) | DEFENDANT'S MOTION FOR A |
| ) | STAY OF ISSUANCE OF THE |
| Defendant-Appellee. ) | MANDATE OF DEFENDANT- |
| ) | APPELLEE PIERCE O'DONNELL; |
| ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES |
| ) | |

Plaintiff-appellant United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its opposition to defendant-appellee Pierce O'Donnell's Motion For A Stay Of Issuance Of The Mandate ("DMS")[1]. Defendant's motion did not contain the government's position. This opposition is based upon the

///

---

[1] "DMS" refers to defendant's Motion For A Stay and is followed by the page number.

attached memorandum of points and authorities and the files and records in this case.

DATED: December 17, 2010       Respectfully submitted,

                                        ANDRÉ BIROTTE JR.
                                        United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                          s/ Dennis Mitchell
                                        DENNIS MITCHELL
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff-Appellant
                                        UNITED STATES OF AMERICA

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I

INTRODUCTION

On June 14, 2010, this Court issued its opinion in <u>United States v. O'Donnell</u>, 608 F.3d 546 (9th Cir. 2010) ("the Panel Opinion"), reversing the district court's dismissal of counts one and two of the indictment against defendant-appellee Pierce O'Donnell ("defendant"). Defendant sought panel rehearing and rehearing en banc, and on December 6, 2010, this Court denied defendant's petition, with no judge of this Court requesting a vote whether to rehear the case en banc. Defendant now seeks to stay the mandate while he petitions the Supreme Court for a writ of certiorari.

This Court should deny defendant's motion. Defendant fails to show that his petition for certiorari would present a substantial question justifying a stay. Defendant identifies no real split in authority or any need for the Supreme Court to resolve an issue of national importance. Instead, defendant rehashes the same arguments rejected by the panel and which failed to garner even a call for a vote whether to rehear this case en banc. Moreoever, the Supreme Court reviews interlocutory appeals (such as this one) only in extraordinary cases, making defendant's dim chance of certiori even more remote. Finally, even if the Supreme Court granted review, defendant fails to show he has a reasonable likelihood of success on the merits.

Accordingly, this Court should deny defendant's motion and allow the mandate to issue so that this case may proceed to trial.

II

DEFENDANT FAILS TO SHOW THAT HIS PETITION FOR CERTIORARI WILL PRESENT A "SUBSTANTIAL QUESTION," AND HE DOES NOT ESTABLISH GOOD CAUSE FOR A STAY

Federal Rule of Appellate Procedure 41(d)(2)(A) provides that a motion to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court must show that "the certiorari petition would present a substantial question and that there is good cause for a stay." Ninth Circuit Rule 41-1 provides that a motion to stay the mandate pending petition to the Supreme Court for certiorari will not be granted as a matter of course and will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay.

To meet the requirements for a stay under Federal Rule of Appellate Procedure 41(d)(2)(A), the party requesting the stay "must demonstrate both 'a reasonable probability of succeeding on the merits' and 'irreparable injury absent a stay.'" Al-Marbu v. Mukasey, 525 F.3d 497, 498 (7th Cir. 2008) (citing Bricklayers Local 21 v. Banner Restoration, Inc., 384 F.3d 911, 912 (7th Cir. 2004)). To demonstrate a "reasonable probability of succeeding on the merits," the petition "must show a reasonable probability that four Justices will vote to grant certiorari and a 'fair

2

prospect' that five Justices will vote to reverse the judgment of" the appellate court. Id. at 499 (emphasis added); see California v. American Stores Company, 492 U.S. 1301, 1307 (1989)(O'Connor, J.) (granting stay of mandate after finding that petitioner will likely suffer irreparable harm if an injunction were not issued and that there was "both a reasonable probability that at least four Justices would vote to grant the petition for a writ of certiorari and a fair prospect that applicant may prevail on the merits"). Defendant cannot satisfy any of the requirements for a stay, let alone all of them.

    1.    There Is No Reasonable Probability that the Supreme Court Will Grant Certiorari in this Case

Supreme Court Rule 10 provides that "[a] petition for a writ of certiorari will be granted only for compelling reasons," such as (1) to resolve a conflict between federal circuit courts on an "important matter," (2) to resolve a conflict with a state court of last resort or federal circuit courts on an "important federal question," or (3) to decide "an important question of federal law," where the federal circuit court's decision conflicts with Supreme Court authority or the issue is sufficiently important to call for Supreme Court review. The Supreme Court has long been clear that it does not exercise its certiorari jurisdiction merely to correct errors in lower court decisions: The jurisdiction of the Supreme Court to review cases by way of certiorari "was not conferred upon this Court merely to give the

3

defeated party in the Circuit Court of Appeals another hearing." Magnum Import Co. v. Coty, 262 U.S. 159, 163 (1923).

A petitioner always faces substantial obstacles to Supreme Court review, but the obstacles facing a petitioner seeking review in an interlocutory appeal, as defendant here proposes to do, are particularly high because the Supreme Court will review an interlocutory order of a circuit court of appeal only in rare circumstances. American Constr. Co. V. Jacksonville, Tampa & Key W. Ry. Co., 148 U.S. 372, 384 (1893) ("[T]his court should not issue a writ of certiorari to review a decree of the circuit court of appeals on appeal from an interlocutory order, unless it is necessary to prevent extraordinary inconvenience and embarrassment in the conduct of the cause."); see also Hamilton-Brown Shoe Co. V. Wolf Bros. & Co., 240 U.S. 251, 258 (1916) (commenting that certiorari jurisdiction is "to be exercised sparingly, and only in cases of peculiar gravity and general importance, or in order to secure uniformity of decision. ... And, except in extraordinary cases, the writ is not issued until final decree."). Thus, lack of a final judgement may "of itself alone furnish sufficient ground for the denial of the application." Hamilton Brown, 240 U.S. at 258.

Defendant does not and cannot identify any split among the circuits over the interpretation of 2 U.S.C. § 441f. That is because the Panel Opinion is consistent with that of every other

4

opinion (other than the district court in this case) relating to the scope of § 441f.  As the Panel noted, its decision conforms with the only other district court decision to directly address whether § 441f applies to straw donor contributions[2] and with the numerous cases that have assumed that § 441f applies to straw donor contributions.  See McConnell v. FEC, 540 U.S. 93, 232 (2003), overruled on other grounds by Citizens United v. FEC, 130 S.Ct. 876 (2010); United States v. Serafini, 233 F.3d 758. 763 & n.5 (3d Cir. 2000); United States v. Kanchanalak, 192 F.3d 1037, 1042 (D.C. Cir. 1999); Goland v. United States, 903 F.2d 1247, 1251-54 (9th Cir. 1990); FEC v. Weinsten, 462 F.Supp., 243, 250 (S.D.N.Y. 1978).  The Panel Opinion notes that defendant "has not pointed us to a single counterexample," and defendant's current motion has not filled that void.  O'Donnell, 608 F.3d at 549 n.1. In addition, the Panel Opinion is consistent with the FEC regulation, in effect since 1978, applying § 441f to straw donor contributions.  See 11 C.F.R. § 110.4(b)(2)(i).

Unable to identify a split in circuit authority, defendant instead claims that the Panel Opinion conflicts with Supreme Court precedent.  But this argument is simply a disfavored call for error correction by the Supreme Court, where no error exists. Defendant asserts, incorrectly, that the panel misapplied general

---

[2] United States v. Boender, 691 F.Supp.2d 833 (N.D.Ill. 2010).

5

rules of statutory construction, but that type of general error claim is exceedingly unlikely to warrant review. Indeed, the Supreme Court's Rule 10 expressly provides that "[a] petition for writ of certiorari is rarely granted when the asserted error consists of . . . the misapplication of a properly stated rule of law."

    2.    <u>There Is No Fair Prospect that the Supreme Court Would Reverse the Court's Decision</u>

Defendant asserts three errors in the Panel Opinion: (1) that the Panel Opinion renders § 441a(a)(8) superfluous; (2) that the Panel Opinion misapplies the rule of lenity; (3) and that the penal opinion should have construed § 441f in defendant's favor because of supposed First Amendment concerns. These arguments failed to convince any member of this Court to call for a vote for rehearing en banc, and have no likelihood of success at the Supreme Court.

First, defendant argues that the panel's interpretation of § 441f renders portions of the Federal Election Campaign Act ("FECA") superfluous. (DMS 4.). Specifically, defendant claims that § 441f prohibits the making of a contribution in the name of another person while 2 U.S.C. § 441a(a)(8) regulates "contributions" made "either directly or indirectly" or directed through an intermediary or conduit. (DMS 4.) Thus, defendant agues, if the Panel's interpretation is correct – that § 441f includes direct and indirect contributions and conduit

6

contributions, then § 441a(a)(8) would not have to use the terms "directly or indirectly" or "conduit" in describing the types of contributions it regulates. (DMS 4.)

The Panel Opinion considered and rejected defendant's argument. The Panel noted that § 441a(a)(8) used the terms "conduit" and "indirectly" and that § 441f did not and also recognized the presumption set forth in Russello v. United States, 464 U.S. 16 (1983) – that inclusion of wording in one section but omission in another of the same Act is generally intentional. 608 F.3d at 551-52. However, the Panel concluded that these two provisions did not have parallel purposes and structures and, "even if the parallels were stronger," Congress passed § 441f three years before § 441a(a)(8). Id. at 552. Consequently, the Panel found that "the choice of wording in [§ 441a(a)(8)] offers little insight into the meaning of the former [§ 441f]." Id.

The Panel further found that the Russello presumption had "limited force because the language used in § 441f is broad rather than specific." Id. It also found that § 441a(a)(8) undermines defendant's interpretation in that § 441a(a)(8) is written such that indirect gifts "are merely particular types of contributions, subsumed within the general concept." Id. at 553. Accordingly, defendant's argument that the Panel Opinion renders

7

portions of § 441a(a)(8) superfluous lacks merit and fails to present a substantial question.

Second, defendant's argument concerning the rule of lenity is equally wrong. Defendant asserts that because the Panel Opinion engaged in "lengthy discussion of the statute" and applies tools of statutory construction, the statute must be ambiguous and thus the rule of lenity requires it to be construed in his favor. (DMS 5.). This novel and expansive view of the rule of lenity is meritless. The Panel Opinion, applying well-established rules of construction, held that § 441f unambiguously prohibited defendant's contributions. Id. at 555. The Panel's use of "extrinsic sources" does not establish that § 441f is ambiguous. Rather, the Panel engaged in statutory interpretation by beginning with the text of § 441f itself, analyzing the context by looking at how related language was used in § 441a(a)(8), and discussing § 441f in light of its purpose of promoting disclosure and the broader structure of FECA. Id. at 549. Relying on these interpretative tools, the Panel found that § 441f unambiguously applied to straw donor contributions. Id.

Defendant's assertion that the Panel's reliance on those tools indicates an ambiguity per se is misplaced. The authorities cited in the Panel Opinion show that the Panel's method of statutory interpretation does not establish that a statute is ambiguous per se. The Panel simply used those tools

to determine the meaning of § 441f. See Robinson v. Shell Oil Co.,519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."), Wilderness Soc'y v. U.S. Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003)(en banc)("[T]he structure and purpose of a statute may also provide guidance in determining the plain meaning of its provisions."). Indeed, defendant's argument misperceives the rule of lenity: It applies only when "there is a grievous ambiguity or uncertainty in the statute," to the point that, "after seizing everything from which aid can be derived, . . . [the court] can make no more than a guess as to what Congress intended." Muscarello v. United States, 524 U.S. 125, 138 (1998) ("The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule [of lenity], for most statutes are ambiguous to some degree.") The Panel's use of standard interpretative aids, does not run afoul of the rule of lenity in any way.

Finally, defendant argues that Supreme Court precedent requires a narrow interpretation of § 441f to avoid constitutional infirmities, especially in the federal campaign contribution context. (DMS 7.) While the Panel Opinion did not directly address defendant's First Amendment argument, the Ninth

9

Circuit's opinion in <u>Goland v. United States</u>, 903 F.2d 1247, 1258-1261 (9th Cir. 1990) upheld the constitutionality of FECA. <u>See</u> <u>Buckley v. Valeo</u>, 424 U.S. 1, 23-68 (1976). Moreover, defendant has failed to identify a First Amendment right impacted by § 441f. Defendant suggests that the Panel Opinion interferes with defendant's freedom of association, but it does not. It only limits his use of other persons' names in the context of campaign contributions. Here, the Panel expressly found that § 441f is not ambiguous. 608 F.3d at 549. Moreover, because defendant has failed to identify any First Amendment right impacted by § 441f, defendant's argument has no merit.

  3. <u>Defendant Cannot Show He Will Suffer Irreparable Injury Absent a Stay in this Interlocutory Appeal</u>

  Defendant's petition also fails to demonstrate a possibility of irreparable injury. In light of the interlocutory status of the Court's decision, defendant can challenge the applicability of § 441f to his conduct following any conviction. Defendant fails to cite any authority that supports a finding of a risk of irreparable injury because a defendant faces a criminal trial without the benefit of the Supreme Court ruling on the applicability of a criminal statute to his conduct.

  Instead, the balance of equities in this matter favors the government. The offense conduct occurred in February 2003, and trial was originally set to begin in June 2009. Approximately one and half years have now passed as a result of the appellate

proceedings in this case. Further delay of this matter only increases the risk witnesses' memories fading. Another delay in order for defendant to petition for a writ of certiorari is not warranted.

## III

## CONCLUSION

For the reasons set forth above, defendant's motion for a stay of the mandate should be denied.

9th Circuit Case Number(s) | 09-50296

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Dec 17, 2010 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Dennis Mitchell

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)             .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)